UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| BRIAN K. MEEK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | No. 1:13-cv-00168-TWP-TAB |
| OTIS ELEVATOR COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

**REPORT AND RECOMMENDATION ON ATTORNEY'S FEES**

**I. Introduction**

Before the Court is Plaintiff's request for $8,070 in attorney's fees, Plaintiff's supplemental motion increasing fees to $11,355, and a motion to schedule a hearing on the petitions for attorney's fees. [Docket Nos. 25, 28, and 31.] Plaintiff filed the original petition for attorney's fees after agreeing to Defendant's June 27 offer of judgment and the supplemental petition for additional fees incurred to recover his award. While Defendant has agreed to pay attorney's fees, it objects to the amount Plaintiff requests, arguing that the amount does not comply with the offer of judgment. Pursuant to the June 27 offer of judgment, Plaintiff is entitled to attorney's fees. However, Plaintiff's requested fees should be reduced to comply with the offer of judgment. For the reasons set for below, the Magistrate Judge recommends that Plaintiff's motion for attorney's fees be granted but reduced, Plaintiff's supplemental motion for

1

fees be denied, and Plaintiff's motion to schedule a hearing be denied.[1]  [Docket Nos. 25, 28, and 31.]

## II.  Background

Plaintiff is a former employee of Defendant and alleges he is entitled to earned wages through the date of his termination on November 29, 2012.  [Docket No. 1-1 at 5.]  He argues that he is also entitled to all unused, earned, and accrued vacation pay and his earned enhanced separation benefits through November 29, 2013.  [*Id.* at 5–6.]  On June 7, 2013, Plaintiff and Defendant unsuccessfully attempted to settle this case.  [Docket No. 21.]  On June 27, 2013, Defendant made an offer of judgment for $7,055.84 in satisfaction of Plaintiff's claims relating to the alleged late payment of his salary and accrued vacation pay.  [Docket No. 22-1.]  Specific to the issue of fees, the offer of judgment

> permits the Court to calculate a reasonable attorney's fee for the work done by Plaintiff's counsel on these two claims as of this date.  Plaintiff's claim for the enhanced severance benefit and any alleged attorneys' fees for work performed by Plaintiff's counsel on Plaintiff's enhanced severance benefit claim are expressly excluded from this offer.

[*Id.*]

Plaintiff agreed to all of the terms of the offer of judgment on June 28, 2013.  [Docket No. 22.]  The enhanced benefit claim remains pending.

Plaintiff's counsel then filed a motion seeking $8,070 in attorney's fees.  Plaintiff's counsel arrived at this number by calculating all of his work up until July 5, 2013, and dividing that amount in half.  According to Plaintiff's counsel, requesting only half of his attorney's fees is reasonable because the enhanced benefit claim remains unresolved.  [Docket No. 25 at 2.]  Plaintiff filed a supplemental petition seeking an additional $3,285 in attorney's fees for the

---

[1]  Plaintiff filed a motion to schedule a hearing on the attorney's fees [Docket No. 31] but the Magistrate Judge does not find oral argument to be necessary or helpful in this instance.

work performed in recovering his fees, increasing the total to $11,355.  [Docket No. 28.]

Defendant, however, argues that the request for attorney's fees is unreasonable because Plaintiff

failed to follow Local Rule 7-1(g), Plaintiff did not follow the terms of the offer of judgment,

there was a substantial settlement offer prior to the offer of judgment, and Plaintiff failed to

specify the fees relating to the claims covered by the offer of judgment.  [Docket No. 26.]

## III.  Discussion

### A.  Local Rule 7-1(g)

Local Rule 7-1(g)(1) provides that "the court may not grant [a motion for attorney's fees]

unless the movant's attorney files with the motion a statement showing that the attorney made

reasonable efforts to confer with opposing counsel and resolve the matters raised in the motion."

Defendant argues that Plaintiff waived his right to attorney's fees by failing to follow Rule 7-

1(g).  Plaintiff admits that he did not confer with Defendant prior to filing his petition, but argues

that the fees do not fall under the local rule because they are post-judgment fees.

Local Rule 7-1(g)(1) expressly requires counsel to discuss attorney's fees with opposing

counsel in an attempt to resolve matters before filing, unless they are post-judgment fees.  *See*

S.D.Ind.L.R. 7-1(g)(1)(A).  Here, Plaintiff's fees are not post-judgment.  The offer of judgment

requests the Court calculate Plaintiff's fees, which the Court has not done.  Absent a calculation,

the offer of judgment is not an entered judgment.  Though Local Rule 7-1(g) requires parties to

make reasonable efforts to attempt to resolve matters without the Court's involvement, there is a

good faith dispute between the parties regarding Plaintiff's fees that cannot be resolved by

conferral.  While the Court expects counsel to make every reasonable effort to resolve disputes

before bringing them to the Court's attention, further efforts here would have made no

difference.  As such, Local Rule 7-1(g) should not bar Plaintiff's recovery of fees.

3

### B. *Offer of Judgment Language*

Defendant contends that Plaintiff's request for fees is unreasonable because it does not adhere to the terms under the offer of judgment.  Pursuant to Federal Rule of Civil Procedure 68(a) "a party defending against a claim may serve on an opposing party an offer to allow judgment on specified terms, with the costs then accrued."  Courts interpret Rule 68 offers of judgment using contract principles.  *Bratton v. Thomas Law Firm PC,* No. 1:12-CV-169-TLS, 2013 WL 1891364, at *10 (N.D. Ind. May 3, 2013).  When an offer unambiguously limits recovery of attorney's fees, the court generally honors that limitation.  *Id.*; *Decker v. Transworld Systems, Inc.,* No. 09-C-50073, 2009 WL 2916819, at *2 (N.D. Ill. Sept. 1, 2009) (finding that attorney's fees were limited to the date expressly stated in the offer of judgment and any fees requested after the judgment were precluded).

Plaintiff's counsel originally requested $8,070 in attorney's fees, which he calculated to be half of his fees up until July 5, 2013.  [Docket No. 25.]  Plaintiff's counsel indicates that an award of half of the total amount of his fees is reasonable for the offer of judgment.  Counsel's determination of a reasonable fee should be honored.  However, calculating his fees up until July 5, 2013, disregards the specific terms set forth in the offer of judgment to which Plaintiff expressly agreed.  [Docket No. 22.]  The language of the offer of judgment "permits the Court to calculate a reasonable attorney's fee for the work done by Plaintiff's counsel on these two claims *as of this date*" (emphasis added).  This offer unambiguously states a cut-off date for fees, so any request for fees after the offer of judgment date, June 27, 2013, is precluded in the context of this offer of judgment.  Using Plaintiff's determination of reasonableness as a guide, a reasonable fee constitutes half of the total amount of hours worked up until the offer of judgment, which would be half of 50.8 hours or 25.4 hours.

Plaintiff also filed a motion for supplemental fees, seeking an additional $3,285 in fees. [Docket No. 28.]  While a plaintiff typically is awarded fees incurred to recover attorney's fees, the court will honor an offer of judgment that unambiguously precludes or limits recovery of attorney's fees.  *Norby v. Anchor Hocking Packaging Co.,* 199 F.3d 390, 392 (7th Cir. 1999) (precluding plaintiff's post-judgment attorney's fees because plaintiff accepted a Rule 68 offer of judgment that was unambiguously inclusive of all relief sought).  While neither party briefed this issue, a handful of cases in the Seventh Circuit preclude post-offer of judgment fees.  *See Id; Decker v. Transworld Systems, Inc.*, No. 09 C 50073, 2009 WL 2916819, at *2–3 (N.D. Ill. Sept. 1, 2009) (unpublished decision) (precluding plaintiff's post-offer attorney's fees because the offer unambiguously limited the date to which plaintiff could recover attorney's fees); *Arch v. Glendale Nissan*, No. 03 C 7297, 2005 WL 1421140, at *3 (N.D. Ill. June 7, 2005) (unpublished decision) (precluding plaintiff's post-offer fees); *Sherry v. Protection, Inc.,* 14 F.Supp.2d 1055, 1058 (N.D. Ill. 1998) (precluding plaintiff's post-offer attorney's fees because "defendants' offer of judgment expressly prohibits recovery of fees incurred after acceptance of the offer of judgment").  *But see Aynes v. Space Guard Products, Inc.* 201 F.R.D. 445, 448–49 (S.D. Ind. 2001) (awarding plaintiff post-offer attorney's fees because the offer of judgment was ambiguous as to whether costs were included and such ambiguities are resolved against the drafter).

Recently, Judge Springmann from the Northern District of Indiana ruled on a case almost factually identical.  *See Bratton,* 2013 WL 1891364.  In *Bratton,* the plaintiff accepted an offer of judgment that limited fees incurred as of August 6, 2013, the offer of judgment date.  When the plaintiff requested fees post-offer, Judge Springmann precluded the plaintiff from receiving fees after August 6 because

the Plaintiff accepted the Offer of Judgment, which was clearly dated August 6, 2012. Therefore, the Plaintiff agreed that he would not recover attorneys' fees for services rendered after August 6, 2012. The Court does not find that the phrase 'as of the date of this Offer' in the Offer of Judgment was ambiguous . . . Therefore, because the Plaintiff unambiguously agreed to limit his recovery of attorneys' fees as of August 6, the Court will disprove the Plaintiff's request for recovery of fees after August 6, 2012.

*Id.* at *10.

Just as in *Bratton,* Plaintiff accepted an offer of judgment dated June 27, 2013. Pursuant to the offer, Plaintiff agreed he would not recover attorney's fees for services rendered after June 27, 2013. The phrase "this offer permits the Court to calculate a reasonable attorneys' fee for the work done by Plaintiff's counsel on these two claims as of this date" is unambiguous. [Docket No. 22-1.] Thus, Plaintiff's motion for supplemental fees should be denied. [Docket No. 28.]

There is arguably an inherent unfairness to this outcome. Even an unambiguous offer leaves open the possibility of a good faith disagreement as to what parties consider a reasonable fee. When such a disagreement arises with an unambiguous offer of judgment, plaintiff is out of luck and unable to collect supplemental fees in connection with the offer of judgment. Any inherent unfairness is mitigated in part by the fact that Plaintiff's counsel may be awarded supplemental fees (and others) later if Plaintiff is the prevailing party on the remaining claim. However, under the offer of judgment, the supplemental fees are precluded at this time. [*Id.*]

### C.  Substantial Settlement Offer

Defendant argues that Plaintiff's counsel's fees should be further reduced because Plaintiff failed to take a substantial settlement offer. The Seventh Circuit has held that

[t]he district court must only consider the substantial settlement offer; it need not reduce the lodestar calculation because of the offer. We stress that a substantial offer is only one of the factors that a district court should evaluate in making an attorney's fee award, and (absent an offer complying with Rule 68 where that Rule applies) is not necessarily determinative.

*Moriarty v. Svec,* 233 F.3d 955, 967 (7th Cir. 2000).

An offer is substantial if it includes roughly equal to or more than the total damages recovered by the prevailing party. *Id.* If attorney's fees and costs are not reasonable and necessary, the Court need not award recovery. *Owner-Operator Inpendent Drivers Ass'n, Inc. v. Mayflower Transit, Inc.,* 659 F.Supp.2d 1016, 1024 (S.D. Ind. 2009). District courts, however, have considerable discretion to determine what constitutes reasonable attorney's fees. *Dominguez v. Quigley's Irish Pub, Inc*., 897 F.Supp.2d 674, 679 (N.D. Ill. 2012).

Defendant argues that it proposed to settle for an amount that equaled 100% of the total damages Plaintiff would recover for unpaid salary and accrued vacation pay. [Docket No. 26 at 9.] Defendant allegedly proposed this substantial settlement offer on April 29, May 29, and May 31. [*Id.*] Plaintiff disagrees, arguing that Defendant did not make a substantial offer until June 27, 2013, because Defendant failed to include attorney's fees. [Docket No. 27 at 6.] It was only after Defendant included attorney's fees that Plaintiff agreed to the settlement offer. [*Id.*] As Defendant notes, Plaintiff's counsel also did not accept the settlement amount because it would partially settle the case and Plaintiff's counsel was uncertain Plaintiff would agree. [Docket No. 26 at 9; Docket No. 26-5 at 3, Ex. D at 3.]

The Magistrate Judge finds that Plaintiff was reasonable in denying the settlement claim prior to June 27, 2013. Plaintiff seeks his salary payment, accrued vacation, and enhanced severance benefits under a statute that make an attorney's fee mandatory for the prevailing party. Ind. Code § 22-2-5-2; *see Wells Fargo,* 932 N.E.2d 195, 203–04 (Ind. Ct. App. 2010). Because the statute expressly provides for an award of attorney's fees as a prevailing party, it was not unreasonable for Plaintiff to reject a settlement offer until fees were included. Further, it was not unreasonable to reject a settlement offer on account of Plaintiff's strategy to resolve the claims

altogether.  Plaintiff's counsel should not be penalized because his client initially did not want to

resolve the case piecemeal.  Moreover, Defendant's argument that Plaintiff's counsel did not

earn any of the fees incurred after April 29 is unreasonable.  This argument disregards

Defendant's promise to pay reasonable fees under the offer of judgment.  Thus, Plaintiff's

petition for attorney's fees should not be reduced to work performed prior to April 29.

### D.  Vague Billing Entries

Defendant also argues that Plaintiff failed to indicate the time spent on each subject in his

time log so the majority of Plaintiff's billing entries should be excluded.  The Court finds this

argument unconvincing in light of *Hensley v. Eckerhart,* 461 U.S. 424 (1983).  In *Hensley,* the

Supreme Court found that where there is more than one claim for relief involving a common core

set of factors, it is reasonable that the majority of counsel's time will be devoted to litigation as a

whole, making it difficult to discern the hours on a claim-by-claim basis.  461 U.S. at 435.

Plaintiff sued for unpaid salary, accrued vacation pay, and enhanced benefits under the same

statute, arguing all three are earned wages.  [Docket No. 1-1, at 6–7.]  As such, Plaintiff's three

claims involve a common core set of factors and like *Hensley,* it is reasonable for Plaintiff's

counsel to devote time to litigation as a whole instead of designating particular hours to each

claim.  The Magistrate Judge finds Plaintiff's counsel's billing entries adequate.

## IV.  Conclusion

For these reasons, the Magistrate Judge recommends that Plaintiff's petition for

attorney's fees be granted but reduced, Plaintiff's supplemental petition for attorney's fees be

denied, and Plaintiff's motion to schedule a hearing be denied.  [Docket Nos. 25, 28, and 31.]

Plaintiff is entitled to attorney's fees but should be awarded a reduced fee of $7,620.00, which is

half of the 50.8 hours Plaintiff's counsel worked prior to the June 27 offer of judgment.  Any

objections to the Magistrate Judge's Report and Recommendation shall be filed with the Clerk in accordance with 28 U.S.C. § 636(b)(1).  Failure to file timely objections within fourteen days after service shall constitute waiver of subsequent review absent a showing of good cause for such failure.

Dated:  10/04/2013

Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Distribution:

Robert Peter Kondras, Jr.
HUNT HASSLER LORENZ & KONDRAS LLP
kondras@huntlawfirm.net

Cintra Bentley McArdle
SEYFARTH SHAW LLP
cmcardle@seyfarth.com

Kathryn S. Clark
SEYFARTH SHAW LLP
kclark@seyfarth.com